Asher and Son, Inc., Appellant, *v.* Warner Co.

Argued October 20, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Robert H. Agnew,* and with him *Hemphill and Brewster,* for appellant.

*Frank R. Ambler,* and with him *Harry S. Ambler, Jr.,* for appellee.

OPINION BY LINN, J., January 28, 1932:

Appellant complains of the refusal to take off a nonsuit in an action for damage to its ambulance resulting from a collision with a truck at 18th and Pine Streets, Philadelphia. The ambulance was traveling northward on the street car tracks in 18th Street, and the truck, westward on Pine. Plaintiff's driver testified that cars parked on Pine at 18th "blocked the vision [eastward] considerably," so that he could not see approaching west bound traffic, until he "was, well, approximately around [i. e. at or about] the [south] curb line of Pine Street." When he reached that point, traveling as he says, about 15 miles an hour, he saw defendant's truck, 15 or 20 feet east of the 18th Street house line, coming about 20 or 25 miles an hour; he also states that the truck at that moment was 30 or 35 feet from the center line of 18th Street, and that his ambulance was about 15 feet south of the center line of Pine Street; he adds that he could have stopped his ambulance in 10 or 15 feet. It is obvious that in proceeding in such circumstances—the limited view eastward, the point he had reached, the short distance away at which he saw the approaching truck, the rates of speed each was driving, his ability to stop—he was guilty of contributory negligence.

While the location and condition of the truck after the accident would require consideration if the case depended only on defendant's negligence, it is to be observed that if plaintiff's driver's view eastward on Pine Street was obstructed until he reached the south curb of that street, the same obstruction obscured the truck driver's view of the approach of the ambulance.

But, appellant argues, all those considerations are beside the point, because its vehicle was an ambulance, relying on paragraph b of s. 1014 of the Vehicle Code of 1929 P. L. 905, 980, providing: "The driver of a

vehicle upon a highway shall yield the right of way to police and fire department vehicles and ambulances, when such vehicles are operated upon official business and the drivers thereof sound audible signal. This provision shall not operate to relieve the driver of a police or fire department vehicle or ambulance from the duty to drive with due regard for the safety of all persons using the highway, nor shall it protect the driver of any such vehicle from the consequence of an arbitrary exercise of such right of way.''

The ambulance was a private ambulance; it did not belong to the police department or to the fire department, nor did it belong to any hospital. Plaintiff's driver said he was taking a patient to a private hospital The only evidence of signal is this: ''Q. Was there any warning given? A. Bell ...... Q. Who was sounding the bell? A. I was.'' It is quite possible that if he had begun sounding the bell before he reached Pine Street, the collision might have been avoided; he does not say when he signalled. The language of the statute requiring a driver to yield the right of way ''to police and fire department vehicles and ambulances, when such vehicles are operated upon official business and the drivers thereof sound audible signal'' is not as clear as it might or perhaps should be expressed. While the term ''official business'' is not specifically defined in the statute, this case does not call for an attempt at comprehensive definition of the phrase; we all agree that appellant's ambulance, in the conditions described, was not excused by the statute from the effect of the contributory negligence of the driver.

If he waited until he got within the houseline of Pine Street to sound his bell, the signal would be of no use as these vehicles were travelling; at the speed at which he saw the truck approach, he must have known he could not pass in front of it without being

struck; if his evidence is true he could have stopped before being hit; if he arbitrarily insisted on using a right of way to which he thought he was entitled, his mistake does not excuse appellant.

Judgment affirmed.